Johnson-AW v. State 















IN THE
TENTH COURT OF APPEALS
 

No. 10-90-003-CR

     ALLEN WAYNE JOHNSON,
                                                                                              Appellant
     v.

     THE STATE OF TEXAS,
                                                                                              Appellee
 

From the 13th District Court
Navarro County, Texas
Trial Court # 23,448
                                                                                                    

O P I N I O N
                                                                                                    

      This court, in an unpublished opinion, affirmed Johnson's conviction for delivery of a
controlled substance. However, the Court of Criminal Appeals vacated our judgment, holding that
the prosecutor's prejudicial remarks introduced evidence outside the record, and remanded the
cause to us for a harm analysis under Rule 81(b)(2). See Tex. R. App. P. 81(b)(2).
WAS THE ERROR HARMLESS?
      We must reverse the trial court's judgment unless we determine beyond a reasonable doubt
that the error made no contribution to the conviction or to the punishment. See id. In applying
this Rule, we focus not on the propriety of the trial's outcome but on the integrity of the process
leading to the conviction. See Harris v. State, 790 S.W.2d 568, 587 (Tex. Crim. App. 1989). 
We examine the source of the error, the nature of the error, whether or to what extent the State
emphasized it, and its probable collateral implications. See id. We first isolate the error and all
its effects, using these considerations and any other considerations suggested by the facts of the
case. See id. at 588. We consider how much weight a juror would probably place on the error
and ask whether a rational trier of fact might have reached a different result if the error and its
effects had not occurred. See id. at 587-88.
      The error occurred when the court overruled Johnson's objection—during the final
punishment-phase arguments—after the prosecutor said, "I want you to know that we have brought
you all the evidence that is legally admissible." The record reveals that Johnson had been
convicted in 1981 for murder, for which he was assessed forty-eight years in prison. He was
released from prison in 1987. Four witnesses testified that his reputation as a peaceful and law-abiding citizen was bad; two witnesses testified that, in their opinion, he could not be rehabilitated.
      The quantity of methamphetamine delivered was small—1.26 grams. The range of
punishment is from fifteen to ninety-nine years, or life, in prison and a fine of up to $10,000. The
State asked for no less than sixty years and no fine; the defense asked for the minimum term. The
jury assessed seventy-five years and no fine. Although we do not condone the prosecutor's
repeated references to "legally admissible" evidence, when we examine the source of the error,
the nature of the error, whether or to what extent the State emphasized it, and its probable
collateral implications, isolating the error and all its effects, using considerations suggested by the
facts of the case, and consider how much weight a juror would probably place on the error and
whether a rational trier of fact might have reached a different result if the error and its effects had
not occurred, we find beyond a reasonable doubt that the error did not contribute to Johnson's
punishment. See id.
CONCLUSION
      We hold that the court's error in overruling Johnson's objections to the prosecutor's
statements did not contribute to the punishment. We affirm the judgment. See id.


                                                                                     BILL VANCE
                                                                                     Justice

Before Chief Justice Thomas
      Justice Cummings
      and Justice Vance 
Affirmed
Opinion delivered and filed March 3, 1993
Do not publish